UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| MONIK CHLAD AND ERIC VEHOVC | ) | |
| | ) | Bankruptcy No. 13-40141-JBS |
| | ) | |
| Debtors. | ) | |
| | ) | Honorable Jack B. Schmetterer |

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| Name of Applicant: | Lakelaw |
|---|---|
| Authorized to Provide Professional Services to: | David P. Leibowitz, Trustee for the Estate of MONIK CHLAD AND ERIC VEHOVC |
| Date of Order Authorizing Employment: | February 18, 2014, retroactive to December 11, 2013 |
| Period for which Compensation is Sought: | December 11, 2013 – February 9, 2017 |
| Amount of Fees Sought: | $19,400.00 |
| Amount of Expense Reimbursement Sought: | $201.29 |
| This is an: | Interim Application    Final Application   X |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:   $0.00

Date: May 24, 2017                    By:  /s/ David P. Leibowitz
                                                    Applicant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| MONIK CHLAD | ) | |
| ERIC VEHOVC | ) | Case No. 13 B 40141 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtors | ) | Bankruptcy Judge |

## NOTICE OF MOTION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that on **Thursday, June 15, 2017, at 10:00 a.m.**, we will appear before the Honorable Jack B. Schmetterer or such other Judge as may be presiding in that Judge's stead, in Courtroom 682, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Application of the Law Offices of David P. Leibowitz, LLC, d/b/a Lakelaw, as Counsel to Chapter 7 Trustee, for Final Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and served upon you herewith.

Date: May 25, 2017                **David P. Leibowitz, not individually, but as the chapter 7 trustee of the Debtor's estate**

By: _/s/ David P. Leibowitz_

David P. Leibowitz (ARDC #1612271)
LakeLaw
53 W. Jackson Street, Suite 1610
Chicago, Illinois 60604
Phone: (312) 360-1501
Facsimile: (312) 360-1502

## CERTIFICATE OF SERVICE

On May 25, 2017, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the attached Service List by the methods indicated therein.

_/s/ Rachel A. Leibowitz_
Paralegal

# SERVICE LIST

**Parties to receive electronic notice through CM/ECF:**

Adham Alaily on behalf of Creditor BMO Harris Bank N.A. f/k/a Harris N.A.
aalaily@ea-atty.com

Peter C Bastianen on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION
ND-Four@il.cslegal.com

James J. Burns, Jr. on behalf of Debtor 1 Monik Chlad
jim@burnsbankruptcy.com, info@burnsbankruptcy.com

Shannon Cummings on behalf of Creditor Webster Bank NA
shannon@blommerpeterman.com

Michael Dimand on behalf of Creditor BANK OF AMERICA, N.A.
mdimand@aol.com, bankruptcyfilings@wirbickilaw.com

William J Factor on behalf of Plaintiff Semy Investments, Ltd.
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com

William J Factor on behalf of Plaintiff Mitchell Chapman
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com

Joel P Fonferko on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION
ND-One@il.cslegal.com

Robert A. Habib on behalf of Defendant Eric Vehovc
robert_habib@hotmail.com

Rocio Herrera on behalf of Creditor Green Tree Servicing LLC, as authorized servicer for Fannie Mae, as owner and holder of account/contract originated by Americas Wholesale Lender
rherrera@noonanandlieberman.com, rherre6@gmail.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

David P Leibowitz, ESQ on behalf of Trustee David P Leibowitz, ESQ
dleibowitz@lakelaw.com, czuniga@lakelaw.com;jstorer@lakelaw.com;ECF@lakelaw.com

Steven C Lindberg on behalf of Creditor Real Time Resolutions Inc. as agent for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2007-E
bankruptcy@fallaw.com

Sara E Lorber on behalf of Creditor Semy Investments, Ltd., slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com

Jose G Moreno on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION
nd-one@il.cslegal.com

Alanna G Morgan on behalf of Defendant Monik Chlad
amorgan@morganandbleylimited.com

Keevan D. Morgan on behalf of Counter-Claimant Monik Chlad
kmorgan@morganandbleylimited.com

Keevan D. Morgan on behalf of Defendant Monik Chlad
kmorgan@morganandbleylimited.com

Peter C. Nabhani on behalf of Counter-Claimant Eric Vehovc
pcnabhani@gmail.com, g30787@notify.cincompass.com

Peter C. Nabhani on behalf of Debtor 2 Eric Vehovc
pcnabhani@gmail.com, g30787@notify.cincompass.com

Peter C. Nabhani on behalf of Defendant Eric Vehovc
pcnabhani@gmail.com, g30787@notify.cincompass.com

Andrew J Nelson on behalf of Creditor Webster Bank NA
anelson@atty-pierce.com, northerndistrict@atty-pierce.com

Nisha B Parikh on behalf of Creditor Real Time Resolutions Inc. as agent for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2007-E
bankruptcy@fal-illinois.com

Jeffrey K. Paulsen on behalf of Creditor Semy Investments, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Creditor Mitchell Chapman
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Plaintiff Semy Investments, Ltd.
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Plaintiff Mitchell Chapman
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

Miriam R. Stein on behalf of Creditor Northbrook Bank & Trust Company
mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com

**Parties to receive notice by First Class United States Mail:**

Monik Chlad, 353 N. Des Plaines, Unit 1810, Chicago, IL 60661
Eric Vehovc, 750 N. Dearborn, Unit 2601, Chicago, IL 60654

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13 B 40141 |
| Monik Chlad and | ) | |
| Eric Vehovc, | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

## APPLICATION OF THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC d/b/a LAKELAW, AS COUNSEL TO CHAPTER 7 TRUSTEE, FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Offices of David P. Leibowitz, LLC, d/b/a Lakelaw ("Lakelaw"), attorneys for David P. Leibowitz, the Chapter 7 Trustee ("Trustee") for the estate of Monik Chlad and Eric Vehovc ("Debtors"), hereby respectfully submits its first and final application for allowance of compensation in the amount of $19,400[1] for 48.5 hours of professional services rendered on behalf of the Trustee for the period beginning December 11, 2013 through and including February 9, 2017 ("Application Period"), and reimbursement of $201.29 for actual costs incurred incident to those services. Lakelaw's services were beneficial to the bankruptcy estate and are compensable pursuant to § 330(a) of the Bankruptcy Code and in accordance with Bankruptcy Rules 2002(a)(6) and 2016(a) and Local Bankruptcy Rule 5082-1. In support of this Application, the Trustee states as follows:

---

[1] Lakelaw has voluntarily reduced its fee by $900, relating to services rendered in objecting to claims, in the exercise of billing judgment and at the suggestion of the United States Trustee.

## I. JURISDICTION & VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant, *inter alia*, to 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTUAL AND PROCEDURAL BACKGROUND

2. The Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2013.

3. This case was converted to a case under chapter 11 on May 29, 2014, and it was reconverted to chapter 7 on October 6, 2014.

4. David P. Leibowitz is the duly appointed, qualified and acting chapter 7 trustee in this case.

5. After his appointment, the Trustee applied to this Court for an order approving the retention of Lakelaw as his counsel. On February 18, 2014, this Court approved the retention of Lakelaw, retroactive to December 11, 2013, to assist the Trustee in the administration of the estate's assets.

## III. NATURE OF SERVICES PROVIDED BY LAKELAW

6. Lakelaw assisted the Trustee in the administration of the estate in connection with the drafting and presentation of a motion to compel Debtors to attend their 341 meeting and the legal research required in connection therewith. As a result, the Trustee was ultimately successful in requiring Debtors to attend the meeting and disclose their assets, including rents from properties owned by them or by Debtor Monik Chlad's wholly owned corporation, Lockwood Development, Inc. The Trustee then filed his Initial Report of Assets, and Debtors promptly thereafter moved to

convert their case to chapter 11. Lakelaw attended the hearings on the motion to convert, which was ultimately granted on May 29, 2014. The Trustee thereupon transferred the rents he had received to the Debtors in Possession. However, the case was re-converted to chapter 7 on October 6, 2014, and the Trustee was reappointed. Lakelaw then assisted the Trustee in connection with the preparation and presentation of a motion for an order directing the clerk to give notice of new discharge and dischargeability objection deadlines. Lakelaw also prepared and served demand letters on Debtors' counsel for turnover of documents and financial information relating to Debtor Monik Chlad's wholly owned corporation, Lockwood Development, Inc. In addition, Lakelaw attended and participated at the depositions of both Debtors and communicated with Debtors' counsel and counsel for creditors regarding same and regarding the documents requested by the Trustee. When the assets of the estate were fully administered, Lakelaw assisted the Trustee by drafting objections to Claims 2, 3, 9, 10, 12, 13, 15, 17, 18, and 19, including review of the necessary loan agreements and other documentation in connection therewith. Lakelaw attended the hearings on the objections, all of which were sustained except the objection to claim 2, which was withdrawn after the claim was amended.

7. The time records attached to this fee application set forth in adequate detail the nature and extent of the services rendered by Lakelaw assisting the Trustee in carrying out his duties.

8. Lakelaw has made every effort to ensure that the services it performed for the Trustee were handled by qualified persons at the lowest hourly rates possible, consistent with the skill-set required for a particular task.

9. In compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into five (5) separate categories: (a) case administration; (b) claims administration /objections; (c) litigation; (d) tax issues; and (e) fee/employment applications.

10. The following is a general description of the tasks performed in each of Lakelaw's principal categories of activity:

- **Case Administration:** (Fees: $3,602.50/ Hours: 10.7) Services rendered in connection with the analysis of Debtors' schedules and the transcript of Debtors' 341 meeting to identify necessary 2004 examinations; conferences with counsel for major creditors regarding same and to discuss status and next steps in the case; attendance at the hearing on Debtors' motion to convert to chapter 11; preparation and presentation, after re-conversion to chapter 7, of a motion for an order directing the clerk to give notice of new discharge and dischargeability objection deadlines; preparation and service of demand letters on Debtors' counsel for turnover of documents and financial information relating to Debtor Monik Chlad's wholly owned corporation, Lockwood Development, Inc., including information regarding rents; and communications with creditors regarding the sale of properties.

- **Claims Admininistration/Objections:** (Fees: $5,982.50 (voluntarily reduced from $6,882.50)/ Hours: 12.9) Services rendered in connection with drafting the objections to Claims 2, 3, 9, 10, 12, 13, 15, 17, 18, and 19, including review of loan agreements and other documentation in connection therewith, as well as attendance at the hearings on the objections, all of which were sustained except the objection to claim 2, which was withdrawn after the claim was amended.

- **Litigation:** (Fees: $7,970/ Hours: 19.6) Services pertaining to drafting and presentation of a motion to compel Debtors to attend their 341 meeting, legal research in connection therewith, and attendance at the hearings thereon; drafting and presentation of a motion for contempt; attendance and participation at the depositions of both Debtors; and communications with Debtors' counsel and counsel for creditors regarding same and re documents requested by Trustee.

- **Tax Issues:** (Fees: $270/ Hours: .6) Services pertaining to the review and identification of documents necessary for preparation of the estate's tax returns and conferences with Debtors' counsel and the Trustee's accountant in connection therewith.

- **Fee/Employment Applications:** (Fees: $1,575 / Hours: 4.7) Services pertaining to employment of the Trustee's counsel and the Trustee's accountant, as well as services in connection with the preparation of this fee application.

### III. REQUESTED RELIEF

11. The Trustee requests that Lakelaw be allowed fees for work performed during the Application Period in the amount of $19,400, together with expenses of $201.29. Attached hereto as Exhibit A is a detailed itemization of the legal services performed.

12. The Trustee requests entry of an order authorizing and directing payment of the fees and expenses of Lakelaw in the total amount of $19,601.29 for legal services.

IV. SUMMARY OF SERVICES RENDERED BY LAKELAW

13. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPEN-SATION |
|---|---|---|---|---|
| BRAND | ATTORNEY | $425.00 | 14.50 | $6,162.50 |
| GREEN | SENIOR COUNSEL | $450.00 | 16.10 | $7,200.00 |
| LEIBOWITZ, D. | MANAGING MEMBER | $650.00 | 8.80 | $4,617.50 |
| LEIBOWITZ, R. | PARALEGAL | $175.00 | 1.10 | $192.50 |
| RUCHMAN | ATTORNEY | $250.00 | 3.10 | $675.00 |
| STORER | ATTORNEY | $375.00 | 2.80 | $1,050.00 |
| THOMAS | PARALEGAL | $200.00 | 2.10 | $402.50 |
| GRAND TOTAL (net of the $900 voluntary reduction) | | | 48.50 | $19,400.00 |

14. The hourly rates charged by Lakelaw in the course of its representation of the Trustee compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by Lakelaw with respect to representing the Trustee is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

15. Lakelaw has always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Trustee. In certain circumstances, however, it may have been necessary for more than one of Lakelaw's attorneys to appear in Court at the same time.

When possible, Lakelaw attempts to have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, Lakelaw may have had more than one attorney attend a meeting to strategize on issues that had particular import in this case. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

16. Given the *Johnson* criteria codified in 11 U.S.C. §330(a)(3), namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Lakelaw respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

### V.    EXPENSES INCURRED BY LAKELAW

17. The actual and necessary costs expended by Lakelaw during the Application Period are detailed below. The requested reimbursement amount for expenses incurred is $201.29. All of the expenses for which reimbursement is sought are expenses that Lakelaw customarily recoups from all of its clients.

18. All expenses incurred by Lakelaw were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Lakelaw bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

19. The specific expenses incurred during the Application Period are listed in Exhibit B attached hereto. A summary of those expenses, by category, is as follows:

| Expense Category | Amount |
|---|---|
| Copies, at 10¢ per page | $116.10 |
| Postage | $85.19 |
| Total | $201.29 |

## VI. COMPLIANCE WITH 11 U.S.C. § 504

20. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lakelaw and any other firm, person or entity for the sharing or division of any compensation paid or payable to Lakelaw.

## VII. NOTICE

21. At least twenty-one days' notice of this application has been provided to the Debtors, the Office of the United States Trustee, all known creditors, and to parties who have previously requested notice of pleadings and proceedings herein. Applicant suggests that no further notice is necessary and requests that the Court find that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an order:

A) Allowing Lakelaw compensation in the amount of $19,400 for professional services rendered on behalf of the Trustee;

B) Allowing Lakelaw reimbursement of expenses incurred in the amount of $201.29;

C) Authorizing the Trustee to pay all allowed compensation and expense reimbursement to Lakelaw;

D) Finding that due and adequate notice has been given; and

E) Granting such other and further relief as may be equitable in the circumstances.

Respectfully submitted,

David P. Leibowitz, Chapter 7 Trustee for the Estate of MONIK CHLAD and ERIC VEHOVC

By: /s/ David P. Leibowitz
David P. Leibowitz
One of the Trustee's Attorneys

David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson Blvd., Suite 1610
Chicago, Illinois 60604
847.249.9100